Opinion issued on July 31, 2002





 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00817-CR

NO. 01-00-00818-CR

NO. 01-00-00819-CR






ALBERT L. HARDEMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause Nos. 809996, 809997, and 809998






O P I N I O N


 Appellant, Albert L. Hardeman, was charged by indictment in cause number
809996 with the felony offense of sexual assault of a child. (1) Appellant was
additionally charged by indictment in cause numbers 809997 and 809998 with the
felony offense of aggravated sexual assault of a child. (2) A jury found appellant guilty
in all three cases and assessed punishment at confinement for 20 years, 40 years, and
40 years, respectively. The trial court ordered the sentences in cause numbers 809997
and 809998 to run concurrently, and cause number 809996 to run consecutively to
cause numbers 809997 and 809998. 

 In nine points of error applicable to all three cases, appellant complains that he
received ineffective assistance of counsel, and that the trial court erred in admitting
hearsay testimony and in overruling his objection to the prosecutor's guilt phase
closing argument commenting on appellant's failure to subpoena a witness. We
affirm.

FACTUAL BACKGROUND

 The first two complainants, J.I. and K.I., are 15 year-old twins and the third
complainant, T.L., is their 16 year-old sister. Appellant is the boyfriend of the girls'
mother. The three cases were consolidated and tried at the same time. All three
complainants testified that appellant began sexually assaulting them in 1991. The
first complainant, J.I., testified that, beginning when she was six, and until she was
13, appellant had sexual intercourse with her on approximately 50 occasions. The
second complainant, K.I., also testified that, beginning when she was six, and until
she was 13, appellant had sexual intercourse with her on approximately 30 occasions
and anal intercourse with her on approximately 20 occasions. The third complainant,
T.L., testified that appellant had sexual intercourse with her on more than 10
occasions and anal intercourse on "even more" occasions.

INEFFECTIVE ASSISTANCE OF COUNSEL

 In his first seven points of error, appellant contends that he received ineffective

assistance of counsel. There was no motion for new trial in this case. 

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). See Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). 
Under Strickland, a defendant must first show that his counsel's performance was so
deficient that it fell below an objective standard of reasonableness. See Strickland,
466 U.S. at 687; see Thompson, 9 S.W.3d at 812-13. Second, a defendant must
affirmatively show that he was prejudiced by his counsel's conduct. Thompson, 9
S.W.3d at 812-13. In other words, a defendant must show by a "reasonable
probability" that, but for counsel's unprofessional conduct, the result of the
proceeding would have been different. Id. A reasonable probability is "a probability
sufficient to undermine confidence in the outcome of the trial." Id.

 The assessment of whether a defendant can prevail on a claim of ineffective
assistance of counsel is a fact-intensive inquiry. Id. A defendant bears the burden of
proving ineffective assistance of counsel by a preponderance of the evidence, and
such a claim must be firmly supported by the record. Id. A defendant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). This Court will look to the totality of the
representation and the particular circumstances of this case in evaluating whether
appellant's counsel was effective. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim.
App. 1991). However, we will not make a finding of ineffectiveness based on
speculation. Gamble, 916 S.W.2d at 93. 

 Outcry Testimony

 In his first point of error, appellant claims he was denied effective assistance
of counsel when his attorney introduced the complainants' outcry statements into
evidence during cross-examination of a State's witness. 

 According to the record, during a hearing outside the presence of the jury,
appellant's counsel obtained a ruling from the trial court prohibiting the State from
introducing outcry statements the complainants allegedly made to their attorney ad
litem, Michael McLane. The trial judge stated as follows:

 THE COURT: As far as did he [McLane] have a conversation with
them? Yes. As a result of that conversation, what
did he do? He contacted C.P.S. As a result of that,
if he knows of his own knowledge what happens, he
could testify. Beyond that he is going to be limited.


 In accordance with the Court's ruling, the prosecutor refrained from
questioning McLane about the outcry statements. However, on cross-examination,
appellant's counsel brought up the same outcry statements previously excluded from
evidence. Appellant contends that his counsel was ineffective because he mentioned
the outcry statements during McLane's cross-examination. 

 According to the record, appellant's counsel asked McLane the following
questions:

 Q. Did the children tell you when they were assaulted?



 
 Yes.

 



 When did [J.I.] say she was assaulted?




 
 [J.I.] and [K.I.] told me that they were assaulted over a period of - - let's
see - - they were born in '84 - - between - - . . . 
 


 Between 1989 and 1998.

 

 . . . . 



 Okay. In 1989?

 
 Yes. And the reason I got that was because they said they were about
5 years old; so, that's where I'm coming from.

 



 So, they told you they were about 5 years old and it started in 1989?

 
 That would be 1989, sometime in 1989.

 


 . . . .



 Did the children tell you when they first met Albert?

 
 Yeah - - in relation to their age, which was around 5 years old.
 



 . . . . 



 And the children told you that they mentioned this stuff about the abuse
to one of their fathers?

 
 Yes - - to Kelly Jacobs.

 



 And they also mentioned it to their mother, you said?


 They also mentioned - - they also made allegations to their mother about
the abuse. Did they tell you that?



 
 Yes. And when I talked to her, she said that she didn't report it. And
neither did Kelly Jacobs - - which was really important to me.

 


 . . . . 



 What did you believe - - what did you think upon finding out that
nothing was done - - the children were complaining and even the parents
weren't paying attention to them?

 
 I thought the children were very credible and that the parents should
have believed them.

 


(Emphasis added.)


 In addition, during his closing argument, appellant's counsel relied heavily on
the outcry statements in order to bolster the defense. He stated:

 You heard these girls - - their own mother did not believe
them. Their father did not believe them. Why? Because
they make up stories and do things for attention. Their
own parents, their mom and dad, did not believe [the]
allegations.


 We cannot say that counsel's use of the statements was not a sound trial
strategy, considering that appellant's entire defense revolved around the notion that
the complainants were not telling the truth. The fact that the complainants reported
the abuse to their parents and neither parent believed their accusations directly
supported appellant's assertion that the complainants were not credible. 

 We overrule appellant's first point of error.

 References to 1992 Sexual Abuse Allegations Against Appellant

 In his second, third, and fourth points of error, appellant claims that his counsel
was ineffective because testimony that violated the "trial court's numerous rulings"
regarding 1991 allegations came into evidence without objection. Specifically,
appellant complains that his counsel (1) failed to object to testimony concerning
allegations that appellant had sexually abused the complainants in 1991 and (2) cross-examined two of the State's witnesses in detail regarding the 1991 allegations. 

 Appellant's complaint has no merit. At a pre-trial hearing, the trial court
overruled appellant's argument that the 1991 allegations were inadmissible.

 We overrule appellant's second, third, and fourth points of error.

 Direct Comment on Complainants Truthfulness and Failure to Elicit
Character Testimony.


 In his fifth point of error, appellant complains that his counsel should have
objected to the prosecutor asking a witness to comment on the complainants'
credibility. The record reflects that during the State's case-in-chief, Lisa Holcomb,
a Children's Assessment Center interviewer, testified, without objection, that in her
opinion, the complainants were credible. This testimony was improper. Schutz v.
State, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997).

 In his sixth point of error, appellant contends that his counsel was ineffective
because he failed to elicit important testimony from a witness regarding appellant's
character. According to the record, during appellant's case-in-chief, his attorney
called four character witnesses, three of whom testified in detail as to appellant's
good character. However, appellant contends that his attorney was ineffective
because the fourth witness did not testify as to appellant's good character because his
attorney did not know how to properly question the witness. 

 The Strickland standard has never been interpreted to mean that the accused
is entitled to errorless or perfect counsel. Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990); see also Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim.
App. 1986). Isolated instances in the record reflecting errors of commission or
omission do not automatically render counsel ineffective. Ex parte Welborn, 785
S.W.2d at 571. From a review of the whole record, appellant has not shown that the
actions complained of amount to professional errors of a magnitude sufficient to raise
a reasonable probability that the outcome of the trial would have been different but
for the errors. Id. 

 Accordingly, we overrule appellant's fifth and sixth points of error.

 Improper Closing Argument By Prosecution During Punishment Phase

 In his seventh point of error, appellant claims he was denied effective
assistance of counsel at the punishment phase because his counsel did not object to
the prosecutor inviting the jury to consider how the parole laws would affect
appellant in deciding the appropriate sentence to impose. The standard of review for
evaluating claims of ineffective assistance of counsel at punishment is set forth in
Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).

 According to the record, the prosecutor argued, without objection, that the
following was possible: "Give him 20? He's out in 10." The jury charge on
punishment includes the statement, "Eligibility for parole does not guarantee that
parole will be granted," and the admonishment, "you are not to consider the manner
in which the parole law may be applied to this particular defendant." We presume the
jury followed the court's instructions. Colburn v. State, 966 S.W.2d 511, 519-20
(Tex. Crim. App. 1998). Accordingly, we cannot say counsel's failure to object to
the prosecutor's statement prejudiced appellant.

 We overrule point of error seven.

INADMISSIBLE HEARSAY TESTIMONY

 In his eighth point of error, appellant contends the trial court erred in
overruling his hearsay objection and admitting inadmissible hearsay testimony by K.I.
that she heard J.I. call appellant disparaging names.

 It is well-established that the improper admission of evidence does not
constitute reversible error if the same facts are proved by other properly admitted
evidence. See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding
that any error in admission of hearsay testimony was harmless in light of other
properly admitted evidence proving same fact).

 Here, appellant concedes that the alleged hearsay statements by K.I. essentially
repeated the testimony of J.I.

 We overrule appellant's eighth point of error.

IMPROPER CLOSING ARGUMENT In his ninth point of error, appellant contends the trial court erred in overruling
his objection to the prosecutor's guilt phase closing argument commenting on
appellant's failure to subpoena a witness. 

 A prosecutor may comment on a defendant's failure to produce witnesses and
evidence so long as the remark does not fault the defendant for exercising his right
not to testify. Jackson v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

 We overrule appellant's ninth point of error.

Conclusion

 All pending motions are denied.

 

 We affirm the judgments of the trial court.





 

 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (3)

Do not publish. Tex. R. App. P. 47.4.
1. Tex. Penal Code Ann. § 22.011 (Vernon 2001) (sexual assault). 
2. Tex. Penal Code Ann. § 22.021 (Vernon 2001) (aggravated sexual assault). 

3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.