Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed
and Memorandum Opinion filed March 6, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00540-CR

____________

 

DESHUN THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 786932

 



 

M E M O R A N D U M  O P I N I O N

Appellant Deshun Thomas challenges his conviction for
aggravated robbery, arguing he was denied effective assistance of counsel.  We
affirm.

                        I.  Factual and Procedural Background








On the night of April 7, 1998, the complainant, Charles
McCulloch, then a salesperson at a local car dealership, sought a woman by the
name of Elena Rodriguez in order to retake a car that the dealership had loaned
her.  McCulloch and two of his employees located the car at Rodriguez=s apartment
complex.  McCulloch confirmed that the car belonged to the dealership, and he
turned to one of the employees and instructed her to drive it back to the
dealership.  As McCulloch turned and began walking back to his own car, he was
accosted by an individual brandishing a handgun and standing some ten to
fifteen feet away.  The individual, later identified by McCulloch as appellant,
said, AGive me your
watch.@  McCulloch
refused, and was proceeding back to his vehicle when the gunman shot him. 

In a statement to police, Rodriguez denied knowing who shot
McCulloch.  Rodriguez=s co-worker, who was with her on the
evening of the shooting, confirmed that she also did not know who shot
McCulloch.  Three months later, Rodriguez recanted her prior statement to
police and provided a new statement naming appellant as the gunman.  Around the
same time, the co-worker also met with police and stated that she and Rodriguez
met with appellant in the early hours of April 8 and that appellant admitted
shooting McCulloch.  Based on this new information, the police procured and
executed an arrest warrant for appellant.  After appellant=s arrest, police
searched appellant=s room in the home he shared with his
mother and found a handgun later confirmed to be the one used to shoot
McCulloch.

Appellant was convicted of aggravated robbery, but on
appeal, this court reversed his conviction and remanded this case to the trial
court for a new trial.  See Thomas v. State, No. 14-99-00949-CV, 2000 WL
1785110, at *8 (Tex. App.CHouston [14th Dist.] Dec. 7, 2000, pet.
ref=d) (not designated
for publication).  During the retrial, at the end of the guilt-innocence phase,
appellant=s counsel addressed the jury in his closing argument,
stating:

. . .

I can assure you I am a long way from being naive.  And I=m certainly not a green horn.  And
so, as I viewed this evidence, it seems really strong to me that this young
man is guilty, this person I=m representing is guilty.  But before you can be warranted
in finding him guilty, you have to believe what Elena Rodriguez says because
you can=t find him guilty based on what Mr.
Collesano said, nor can you find him guilty on the lack of identification by
Mr. McCullough [sic].








And we all know that Ms. Flores got like a four-second look, a side
view, of this person that fired the shot into Mr. McCullough [sic].  So all I=m saying to you is I would like for
you to look at it.  And the way this case stands today, the evidence is
pretty persuasive.

I have been doing this a very long time, more than 30 years, longer
than some of you people have been alive.  Like I said, I=m a practical person and I=m not going to stand up here and
try to divert you from what you think is the right thing to do.  All I ask you
to do is consider all of this evidence and if you are convinced beyond a
reasonable doubt this young man is guilty, then you are required to find him
guilty.

And if you have a reasonable doubt, wherever it may come from in this
evidence, you are required to have a reasonable doubt and say by your verdict
not guilty however.  Normally I could be up here for an hour in some cases, but
there is not much to say because the case was short.  And like I said, I=m convinced that the evidence is
pretty powerful.  If I were to argue to you that there is a great room for
doubt, you would probably think I=m a moran [sic].  So, I have got to be honest about the way I feel
and I have got to be honest with this young man I represent.  The way this
case stands, there is a substantial amount of evidence saying he=s guilty.  

I would like you to look at all of the evidence, take a look at it,
dissect it a little bit.  If you reach a verdict that says he=s guilty, that=s the way it is.  I appreciate it.  Thank you.[1]

At the punishment
phase of the retrial, appellant=s trial counsel made the following closing
statement:

. . .

Ladies and gentlemen, I know you remember I practically consented to
a guilty verdict in this case, because I thought the evidence was overwhelming
based on the many years of experience of trying cases.  I can assure you I
am not a magician.  I cannot generate facts in cases when those facts are not
available.  I can only defend this case the best way that I can.








All of the evidenceBand I would be a fool if I
suggested otherwise, and I=m notBis compelling that this young man deserves a pretty
substantial sentence.  I=m not talking about of [sic] sentence of 15 years.  All of
the evidence is compelling.  A young man lost his life, destroyed his mother
practically.  And so, that has to be taken into consideration.  I want you to
do that.  I could
go over all his prior convictions, but I=m not going to do that.  You are well aware of that.  You
are well aware of the facts in this case.  I can assure you I=m a fairly wordy individual, but I
know I can=t deter you from the things you
ought to do in this case.  And in this case, I=m convinced, based on all of the
facts, he deserves a substantial sentence.  That=s just life.  Part of life.

All I can do is ask you to consider all of the facts and come up with
the sentence.  I certainly can=t quarrel with you, whatever you do.  Thank you.[2]


On retrial, appellant was again convicted of aggravated
robbery, and the jury assessed punishment at seventy-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 

II.  Issue and Analysis








Appellant asserts that because of his trial counsel=s remarks on
retrial during the guilt-innocence and the punishment phases, he received
ineffective assistance of counsel.  Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S.
Const. amend. VI; Tex. Const. art.
I, ' 10; see Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon 2005).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  This standard applies to claims of
ineffective assistance of counsel in both the guilt-innocence phase and the
punishment phase in non-capital trials.  Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999).  Appellant bears the burden of proving his
claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998). 

In
assessing appellant=s claim, we apply a strong presumption that trial counsel was
competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume that trial counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy, unless that
presumption is rebutted.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Thompson, 9 S.W.3d at 814.  Nevertheless, the standard has
never been interpreted to mean that the accused is entitled to errorless or
perfect counsel.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990).  When
reviewing a claim of ineffective assistance, we look to the totality of the
representation and not
to isolated instances of error or to only a portion of the trial, to determine
that he was denied a fair trial.  Thompson, 9 S.W.3d at 813; McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). 

A claim
for ineffective assistance of counsel must be firmly supported in the record.  Bone
v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002).  When, as in this
case, there is no proper evidentiary record developed at a hearing on a motion
for new trial, it is difficult to show that trial counsel=s performance was deficient.  See
id. at 833.  If there is no hearing or if counsel does not appear at the
hearing, an affidavit from trial counsel becomes almost vital to the success of
an ineffective-assistance claim.  Stults v. State, 23 S.W.3d 198,
208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  On such a silent record, this
court can find ineffective assistance of counsel only if the challenged conduct
was Aso outrageous that no competent
attorney would have engaged in it.@  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005).








Appellant argues that through his closing arguments in the
guilt-innocence phase and in the punishment phase, appellant=s counsel
essentially joined forces with the prosecutor.  In assessing an
ineffective-assistance-of-counsel claim, we presume closing arguments are based
on reasonable trial strategy.  See Flemming v. State, 949 S.W.2d
876, 881 (Tex. App.CHouston [14th Dist.] 1997, no writ).  Matters
of trial strategy will be reviewed only if an attorney=s actions are
without any plausible basis.  See Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001) (noting that appellate courts will commonly assume
strategic motivation if any can possibly be imagined).

In his closing argument at the guilt-innocence phase,
appellant=s trial counsel emphasized his own thirty years= experience as
defense counsel in assessing similar evidence and told the jury that in the
case they were to decide the evidence is Areally strong@ that appellant
was guilty.  He indicated that he was convinced the evidence was Apretty powerful@ and that in
assessing evidence, only a Amoron@ would argue for Agreat room for
doubt.@  Near the end of
his closing argument, appellant=s counsel offered, AThe way this case
stands, there is a substantial amount of evidence saying he=s guilty.@  It is
conceivable that trial counsel=s argument conceding guilt in the
guilt-innocence phase could have been calculated convince the jury of his
candor and trustworthiness, perhaps in an attempt to mitigate punishment in the
punishment phase, but that is not the case presented by our record.  See
Flemming, 949 S.W.2d at 881.  At the punishment phase, appellant=s trial counsel
reminded the jury that in the guilt-innocence phase, he Apractically
consented to a guilty verdict@ based on the overwhelming evidence given
his Amany years of experience.@  Moreover, he
argued that Aall of the evidence . . . is compelling that
[appellant] deserves a substantial sentence.@  Appellant=s counsel
specifically told the jury that he did not consider fifteen years= confinement, the
minimum sentence in this case, to be substantial.  In his concluding remarks,
ostensibly made on appellant=s behalf, appellant=s counsel
reiterated that appellant deserved a Asubstantial
sentence.@  The jury found appellant guilty and assessed a
sentence of seventy-five years= confinement.













Individually, trial counsel=s conduct during
each phase of trial may not alone sustain an ineffective-assistance-of-counsel
claim.[3] 
See Thompson, 9 S.W.3d at 813 (A[A]n appellate
court should be especially hesitant to declare counsel ineffective based on a
single alleged miscalculation during what amounts to otherwise satisfactory
representation, especially when the record provides no discernible explanation
of the motivation behind counsel=s actions.@).  However, given
trial counsel=s closing argument in the punishment phase, in which
he made specific reference to trial counsel=s concession of
appellant=s guilt in closing argument in the punishment phase,
combined with counsel=s references to the overwhelmingly
powerful evidence at the guilt-innocence phase, the totality of the
representation amounts to conduct so outrageous that it falls well-below
professional standards.  See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833; Garcia,
57 S.W.3d at 440; see,
e.g., Welborn,
785 S.W.2d at 396 (concluding that although no one instance alone is sufficient
proof for ineffective assistance of counsel claim, counsel=s performance taken as a whole
compels such a holding).  Appellant=s trial counsel emphasized the strength of
the evidence against appellant and affirmatively argued both for finding
appellant guilty and for assessing a substantial sentence.  Under the
circumstances of this case, no plausible basis exists and no strategic
motivation could explain why trial counsel fashioned his arguments as he did.  See
Garcia, 57 S.W.3d at 440; Flemming, 949 S.W.2d at 881.
Appellant has rebutted the presumption that counsel=s conduct was reasonably professional and motivated
by sound trial strategy because counsel=s closing arguments amount to conduct
Aso outrageous that no competent
attorney would have engaged in it.@  See Goodspeed,
187 S.W.3d at 392; Thompson, 9 S.W.3d at 814.  Appellant has satisfied
the first prong in Strickland by showing his trial counsel=s conduct was deficient
such that it fell below the standard of professional norms.  See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833. 

To satisfy the second prong of Strickland, appellant
must affirmatively prove there
is a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 693, 104
S. Ct. at 2067B69; McFarland, 928 S.W.2d at 500.  A reasonable
probability is one sufficient to undermine confidence in the outcome.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Mitchell v. State, 68 S.W.3d 640,
642 (Tex. Crim. App. 2002).  It is not enough for an appellant to show that the
errors, if any, had some conceivable effect on the outcome of the proceeding.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Ex parte Varelas, 45 S.W.3d 627,
629 (Tex. Crim. App. 2001).  This stringent burden requires that appellant
point to objective facts in the record to support any lack of confidence in the
conviction, i.e. proof of prejudice.  Bone, 77 S.W.3d at 837.  








In this case, appellant has waived error as to Strickland=s second prong by
failing to adequately brief it on appeal.  To present an issue for appellate
review, the Abrief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
record.@  Tex. R. App. P. 38.1(h).  With regard
to Strickland=s second prong, appellant has not
presented any facts within the record to support a reasonable probability that
the result of the proceeding would have been different but for his trial
counsel=s deficient
performance.  Appellant has not applied any governing legal principles to the
facts of this case to prove prejudice from his trial counsel=s conduct.  See
King v. State, 17 S.W.3d 7, 22 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  This is especially true when the
evidence tends to support a guilty verdict and when the range of punishment was
between fifteen and ninety-nine years or life.  See Bone, 77 S.W.3d at 836 (requiring
evidence in the record that probably would have led to a Anot guilty@ verdict or a lesser punishment);
McFarland, 928 S.W.2d at 500 (determining reasonable probability by
reviewing the totality of the evidence before the jury).  Appellant bears the
burden of proving his claims by a preponderance of the evidence, and he has
failed to meet this burden.  See Jackson, 973 S.W.2d at 956.  In his brief
appellant argues only that he Ahad no meaningful assistance of counsel at
his side,@ and that such conduct in a trial cannot amount to a
fair trial.  Conclusory statements which contain no citations to authority
present nothing for appellate review.  Id.; see also Vuong v. State,
830 S.W.2d 929, 940 (Tex. Crim. App. 1992).  Failure to make the required
showing of sufficient prejudice defeats an ineffectiveness claim.  Strickland,
466 U.S. at 700, 104 S. Ct. at 2071; McFarland, 928 S.W.2d at 500. 
Because appellant did not affirmatively prove prejudice in the second prong, he
cannot prevail.  Accordingly, we overrule appellant=s sole issue on
appeal and affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed March 6, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Emphasis added.





[2]  Emphasis added.





[3]  This is especially true when in his closing argument
in the guilt-innocence phase, counsel raised credibility issues with several of
the State=s witnesses and also made reference to the lack of a
definitive identification of appellant by the complainant and the eyewitnesses. 
See Thompson, 9 S.W.3d at 813 (reviewing whether an
ineffective-assistance-of-counsel claim meets the Strickland standard by
reviewing the Atotality of the representation@ rather than isolated acts or omissions). 
Additionally, we recognize that the test for determining an
ineffective-assistance-of-counsel claim is applied at the time of trial and not
in hindsight.  Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991).