*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-07-00458-CR

Ralph **BALMEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 939838
Honorable Monica E. Guerrero, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   September 10, 2008

AFFIRMED

A jury found defendant, Ralph Balmez, guilty of assault with bodily injury to a family

member and the court assessed punishment at one year's confinement, probated for two years,

and a fine of $4,000.  Defendant complains of ineffective assistance of counsel.  We affirm.

## BACKGROUND

Defendant and Rosie Balmez had been married and divorced twice when, on November 7,

2004, defendant approached Rosie at the San Fernando Cemetery in San Antonio, where she was

visiting her mother's grave, and the two argued. According to Rosie, defendant told her he wanted to reconcile and, when she declined, defendant became angry and choked her with his hands. Rosie drove to a nearby police substation, where San Antonio Police Department Officer Dennis Cartwright interviewed her and a technician photographed the injuries to her neck.

At trial, defendant attempted to portray Rosie as a vengeful ex-spouse who harbored anger toward him because he failed to use his connections as a police informant to help free her daughter when she was arrested for drug possession. As an alibi, defendant said he could not have committed the assault because he was cutting down trees at the home of a police officer. SAPD Officer Henry Flores, who previously used defendant as an informant, testified defendant was cutting trees at Flores' home on the day of the assault. However, Flores admitted it was defendant who reminded him of the date he cut Flores' trees. Flores also stated he had never seen the receipt for tree work that defendant introduced at trial to support his alibi.

## INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant complains his trial counsel rendered ineffective assistance of counsel, which denied him a fair trial. To succeed on an ineffective-assistance claim, a defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007). To show deficient performance, a defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Strickland*, 466 U.S. at 687; *Garza*, 213 S.W.3d at 347-48. To demonstrate prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Garza*, 213 S.W.3d at 347-48. A "reasonable probability" is one sufficient to undermine confidence in the

outcome. *Strickland*, 466 U.S. at 687; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Trial counsel is presumed to have rendered effective assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). To overcome this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). There is a strong presumption that counsel's actions and decisions are motivated by sound trial strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). When the record is silent as to counsel's strategy, a reviewing court cannot speculate that counsel's performance was deficient. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd). If the record is silent as to the reasoning behind counsel's actions, the presumption of effectiveness is sufficient to deny relief. *See Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). The standard for reviewing trial counsel's performance "has never been interpreted to mean that the accused is entitled to errorless or perfect counsel." *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

## 1. Failure to Object to Extraneous Offenses

Defendant contends trial counsel rendered ineffective assistance by permitting the trial to become "saturated" with evidence of his prior bad acts. Rosie testified, without objection, that at times after her divorce from defendant he threatened her and her family, and that he and others made harassing telephone calls to friends and relatives with whom she stayed after her divorce. She testified that she "knew [defendant] has done a lot of things and he's never been prosecuted for anything." Defendant objected when Rosie testified he had followed her and her boyfriend into a store in 2005 "and that was another different case." The trial court sustained the objection to the

State's use of specific incidents of conduct. On appeal, defendant claims the objection was untimely because the jury had already heard Rosie complain he had threatened and frightened her in the past. The record in this case is not sufficiently developed on defendant's ineffective assistance claim. From the record before us, we can only speculate as to why counsel did not object to the admission of the complained of evidence, which we may not do. Because we presume trial counsel's actions were motivated by sound trial strategy, we cannot conclude counsel's performance was deficient. *See Salinas*, 163 S.W.3d at 740.

**2. Failure to Object to State's Comment on Defendant's Post-Arrest Silence**

Defendant complains his trial counsel failed to object when the State made an impermissible comment on his silence following his arrest. At the conclusion of San Antonio Police Department Officer Dennis Cartwright's testimony regarding his interview with Rosie immediately following the assault, the following exchange took place:

> STATE: And what did you do after the [interview] was over?
>
> CARTWRIGHT: After that, I just – I got back into service. In other words, I finished with that particular call and went to answer other calls for service.
>
> STATE: Were you ever contacted or were you ever aware of any contact that was by Mr. Balmez to give a statement?
>
> CARTWRIGHT: No, I wasn't aware or had any part in any of that.

Defendant complains that by asking whether Balmez contacted the police, the State made an impermissible comment on his post-arrest silence. However, it is not clear from the record when defendant was arrested or whether Cartwright would have had reason to know whether defendant

contacted the police. The question and answer indicate only Cartwright's lack of further involvement. Thus, on this record, we cannot conclude trial counsel's performance was deficient.

**3. Failure to Object to Improper Jury Argument**

Defendant complains of his trial counsel's failure to object to statements the State made in its closing argument, including improper injection of personal opinion of a witness's credibility; inviting the jury to speculate as to whether defendant committed other bad acts; and implying the defense had manufactured evidence. Proper jury argument may be divided into four categories: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) a plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Argument that exceeds the permissible bounds of these approved areas will not constitute reversible error "unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Id*.

Defendant first complains trial counsel failed to object to the State's improper injection of personal opinion as to a witness's credibility. For example, during the State's closing argument, defendant complains his trial counsel should have objected when the prosecutor said to the jury:

> I don't think that [Rosie] has a motive for revenge. I think she does
> have a motive, though, and I think it's justice. He said something
> about her being upset on the stand. I don't think she was upset
> because of her daughter. That's in years past, ladies and gentleman.
> I think she's upset because she was being accused of dishonesty.

Throughout the trial, defendant's strategy was to question Rosie's motive for accusing him of choking her when she refused his request to reunite with her. Defendant portrayed Rosie as a biased witness who was angry with him for being responsible for her daughter's drug arrest.

Defendant also attempted to portray her report of the choking incident – in which she admitted she drove to the police station immediately afterward in order to have photographs made for evidence, but for which she refused medical treatment – as a calculated effort to get him prosecuted. We believe the State's jury argument was a response to defense counsel's arguments. *See Wylie*, 908 S.W.2d at 309 (trial counsel's failure to object based on improper jury argument was not ineffective assistance because the State's argument was made in response to trial counsel's earlier attempts to attack the credibility of the complainant). Therefore, we cannot conclude trial counsel's assistance was deficient.

Next, defendant complains his trial counsel failed to object when the State suggested in its closing argument that a receipt for tree work defendant produced in support of his alibi may not have been authentic. Defendant complains the statement tends to imply trial counsel committed perjury by manufacturing evidence. The State did not accuse trial counsel of lying. The State said: "I'm not going to accuse Officer Flores of lying, but I will accuse Ralph Balmez of lying." In jury argument, counsel is permitted to make reasonable deductions from the evidence and to infer a defendant has lied. *Rogers v. State*, 183 S.W.3d 853, 858 (Tex. App.—Tyler 2005, no pet.). Here, because the authenticity of the receipt was in issue, it was not improper for the State to question the receipt's authenticity in its closing argument. We cannot conclude trial counsel's failure to object to this argument was deficient.

Finally, defendant contends trial counsel's conduct was deficient because he failed to object to the State's comments that he was a police informant who was paid to deceive people. Defendant had explained in his closing that because his alibi witness, SAPD Officer Henry Flores, was a twenty-year veteran of the police department, he must have been telling the truth when he claimed

defendant worked for him cutting trees on the day of the assault. Defendant contended in his closing argument that Flores would not have risked his pension by lying. The State responded in its own closing argument that it did not believe Flores lied. The State said defendant, who was formerly employed by Flores as an informant, may have lied to Flores and to the jury regarding his alibi for his whereabouts on the day of the assault. Thus, the State's argument was not improper because it merely responded to defendant's own effort to prove the authenticity of the receipt. *See Wesbrook*, 29 S.W.3d at 115. After reviewing the record, we cannot conclude trial counsel's representation was deficient.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish