



## MEMORANDUM OPINION

No. 04-09-00448-CR

Randall **DOUGLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-1534-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: November 17, 2010

AFFIRMED

Randall Douglas appeals the trial court's judgment of conviction on two counts of aggravated sexual assault, arguing his trial counsel rendered ineffective assistance, in violation of his rights under the Texas and United States constitutions. We affirm the trial court's judgment.

### Background

The State charged Douglas with three counts of aggravated sexual assault committed upon his girlfriend. During the jury trial, the complainant testified that Douglas held her a virtual

hostage over a two-day period and forced her to engage in anal and vaginal sex. She related numerous other assaults and beatings inflicted by Douglas during that period of time, including threats to kill her. The State also placed into evidence part of a videotaped statement Douglas made at the time of his arrest. The statement contained numerous references to previous convictions and other bad conduct committed by Douglas. Douglas testified at trial that he engaged in sexual relations with the complainant, but that the sex was consensual, and the complainant's injuries were either accidently inflicted or caused by the complainant falling after becoming intoxicated. The jury found Douglas guilty on two counts, and assessed a sentence of 99 years on each count. It found him not guilty on the third count. Douglas moved for a new trial, asserting it was required in the interest of justice, the verdict was contrary to the law and evidence, and the trial court erred in denying a motion for continuance during the punishment phase of the trial. A hearing was held on the motion, but no evidence was presented. On appeal, Douglas argues his trial counsel rendered ineffective assistance because she did not view the videotaped statement before trial, failed to conduct a proper investigation, opened the door to the admission of extraneous bad acts and failed to object to others, and failed to investigate potential witnesses for the punishment hearing.

### Applicable Law

An accused is not entitled to errorless or perfect counsel. *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To establish constitutionally ineffective assistance of counsel, a defendant must prove by a preponderance of evidence his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate deficient performance, the defendant must show counsel's performance fell below an objective

standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We indulge a strong presumption that "counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. Furthermore, to show he was prejudiced by counsel's deficient performance, a defendant must "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)(footnotes and citations omitted). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*[1]

### Discussion

Douglas first complains counsel was ineffective because she did not view the videotaped statement, which contained numerous references to extraneous bad acts and crimes, until after

---

[1]Douglas raises two points of error claiming ineffective assistance of counsel — one under the Sixth and Fourteenth Amendments to the United States Constitution and one under article I, section 10 of the Texas Constitution. However, Douglas presents no argument or authority that the Texas Constitution provides greater protection than the federal constitution. Accordingly, we need not address Douglas's Texas constitutional claim. *See Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App.), *cert. denied*, 510 U.S. 837 (1993); TEX. R. APP. P.38.1(i).

trial began.  To prevail on this argument, the record must affirmatively demonstrate that counsel did not view the taped statement before trial. *See Thompson*, 9 S.W.3d at 814.

Before the jury was sworn, counsel and the trial judge had a bench conference concerning the videotape. The record reflects the discussion began before the court reporter was ready, and therefore part of the discussion was not reported. When the reporter began taking notes, the following exchange occurred:

Defense:      But I would like — when we take our morning break before they introduce it, I would like to preview it.  When I went through the file, it was —

Court:      What — what interview?  What are we talking about?

State:      There's an interview of the client, which has been in the file.  On the police report it clearly says video-taped interview VHS tape.  It is indicated.  Now the VHS tape was not physically in the file, but the notation that there was a VHS interview has been in our file since day one.

. . .

Defense:      Okay.  They said that's their third witness.  When we take a break, if we can preview it.

Court:      How long is it?

State:      An hour and 30 minutes.

Defense:      We can go through it much quicker than that.

State:      Clearly it's been in our file the day the case was filed.

Court:      Aye carumba.  Okay.  Anything else before I get the [j]ury in here, and we actually start this puppy?

Defense:      No —

Court:      Okay.

Defense:      — not that I'm aware of.

Counsel's statements suggest she had not previously viewed the videotape. However, the colloquy leaves open the possibility she had previously seen the video, but wanted to view it again before the State introduced it. Another indication in the record that Douglas's counsel may have been aware of the contents of the video is the pretrial motion in limine she filed. The motion sought to exclude evidence of previous convictions and extraneous offenses, and specifically identified some of the extraneous offenses mentioned in the videotape: violations of a protective order, terroristic threats of family member, assault causing bodily injury to family member, and contempt of a child support order. This record does not establish counsel failed to view the videotaped statement before trial, and Douglas has therefore failed to affirmatively demonstrate deficient performance. *See Thompson*, 9 S.W.3d at 814; *Johnson v. State*, 691 S.W.2d 619, 626-27 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). Douglas's contention that counsel failed to conduct a proper investigation fails for the same reason. Other than the suggestion that counsel did not watch the videotape before trial, there is nothing in the record about what investigation counsel conducted or failed to conduct. The record therefore fails to support the contention that counsel inadequately investigated the case. *See Johnson*, 691 S.W.2d at 626-27.

Douglas next complains his trial counsel was ineffective because she allowed evidence of extraneous offenses and convictions to be placed before the jury without objection and elicited testimony from Douglas regarding other extraneous offenses. Douglas contends counsel should have objected to numerous references to extraneous offenses and misconduct discussed in the videotaped statement. However, the jury did not see the entire videotape, and it cannot be determined from the record how much of the tape was played. Neither party stated for the record the starting and ending times of the portion played for the jury and the court reporter did not note

the times. Although the entire tape was placed into evidence, the court took precautions to ensure the jury could not view the videotape during its deliberations without supervision and stated he would not allow the jury to view all of the tape. There is no indication in the record that the jury requested to view the tape during deliberations.

Douglas also complains that counsel elicited evidence concerning previous convictions for burglary of a habitation, delivery of a simulated drug, failure to identify to a police officer, and assaults causing bodily injury upon female victims. Douglas argues that much of this information would not have come before the jury but for the deficient performance of his attorney.

The record suggests appellant's trial strategy was to argue the sex with the complainant was consensual and to raise doubts about whether it was the result of his threats of serious bodily injury or death. Given the nature and circumstances of the charges, this strategy required Douglas to testify.[2] Once Douglas took the stand, many of his previous convictions may have been admissible for impeachment purposes. *See* TEX. R. EVID. 609 (allowing evidence of convictions for felony or crime of moral turpitude to attack credibility of witness if certain conditions met); TEX. PENAL CODE ANN. § 30.02 (West 2003) (burglary of a habitation second degree felony); HEALTH & SAFETY CODE ANN. § 482.002 (West 2010) (delivery of simulated drug state jail felony); *Martin v. State*, 265 S.W.3d 435, 443-44 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding failure to identify to police officer is crime of moral turpitude when it involves lying to police officer); *Jackson v. State*, 50 S.W.3d 579, 592 (Tex. App.—Fort Worth 2001, pet. ref'd)(holding assault causing bodily injury, when committed by a man upon female victim is crime of moral turpitude). Trial counsel may have decided not to object to much of the

---

[2]In his brief, Douglas contends he "felt forced to testify" after the evidence of previous convictions had been admitted. However, as support he cites only to a post-conviction letter he wrote the trial judge. Douglas presented no evidence to that effect either during trial or at the hearing on the motion for new trial.

extraneous offense evidence during the State's case and to elicit previous convictions from Douglas because she knew it would be brought out during his cross-examination.

Douglas contends that, nevertheless, some of the bad conduct evidence would not have been admissible. However, Douglas has not established precisely what bad conduct evidence was before the jury and he has not shown that evidence was inadmissible for any purpose. Moreover, trial counsel has not been given an opportunity to explain the reasons for her actions. As in most cases, "the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Mallett v.* State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone*, 77 S.W.3d at 836). Where the record is silent as to why counsel took or failed to take the allegedly deficient actions, appellant generally is unable to establish counsel's performance fell below an objective standard of reasonableness. *Rylander*, 101 S.W.3d at 111.

Based on this record, we cannot conclude Douglas has established trial counsel's performance with respect to the extraneous offenses and other bad acts fell below an objective standard of reasonableness. *See id*.; *Bone*, 77 S.W.3d at 833.

Finally, Douglas argues his trial counsel was ineffective during the punishment phase of the trial because she "never investigated the possibility of having witnesses testify for him." Douglas relies on statements counsel made when she moved for a continuance the morning of the second day of the punishment hearing. Counsel told the court, "[m]y client has advised me that he has witnesses who could come and testify to his character, that he was not aware that he could have called these witnesses, and is asking for a continuance . . .." In response to questions from the court, counsel stated Douglas first informed her of the witnesses that morning. Counsel

also disputed Douglas's claimed lack of knowledge, stating she had asked him "on a number of occasions" if there were any witnesses she needed to subpoena, although she said she did not specifically mention punishment witnesses.  These statements do not firmly establish that trial counsel never *investigated the possibility* of using witnesses at the punishment phase.  Moreover, Douglas has not shown any character witnesses were available and willing to testify, or what evidence such witnesses would have provided. We conclude evidence of trial counsel's deficient performance as to this issue is not "firmly founded in the record" and he has failed to show prejudice.  *Thompson*, 9 S.W.3d at 813; *see Ex parte McFarland*  163 S.W.3d 743, 758 (Tex. Crim. App.2005) (holding applicant failed to show prejudice prong of Strickland where he failed to name any specific witnesses who should have been contacted, and failed to show unnamed witnesses were available to testify or that their testimony would have benefitted him).

## CONCLUSION

Douglas has not brought forth a sufficient record to meet his burden to prove by a preponderance of the evidence his trial counsel rendered ineffective assistance.  Accordingly the judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish