NO.
12-09-00238-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BOBBY
EARL WILLIAMS,                   §         APPEAL FROM THE 420TH

APPELLANT

 

V.                                            
§        JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                  
§        NACOGDOCHES COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

     Bobby
Earl Williams appeals his conviction for felony driving while intoxicated
(DWI).  In his sole issue, Appellant contends that he received ineffective
assistance of counsel at his trial.  We affirm.

 

Background

On
December 23, 2005, shortly before 10:00 p.m., Corporal Eric Newell of the
Nacogdoches Police Department, while with another officer, was concluding a
traffic stop when he witnessed a second car drive by him with its parking
lights activated, but not its headlights.  Corporal Newell followed the second
vehicle with his overhead lights on for approximately two blocks.  Before
pulling over in a residential driveway, the vehicle swerved into oncoming
traffic and jerked back into the proper lane when an oncoming car approached
it.  Corporal Newell later determined that Appellant was driving the vehicle at
the time of the stop, and the driveway at which Appellant stopped was his own. 
The other officer at the first traffic stop pulled in behind Corporal Newell to
assist him. 

Upon
stopping, Appellant reached below the seat.  Due to the low light conditions,
the officers asked Appellant to exit the vehicle for their safety.  Appellant
became argumentative and the officers physically removed him from the vehicle. 
During that process, Corporal Newell observed an empty beer can in the vehicle
and noted that the floorboard was wet with what smelled like beer.  Once
Appellant was outside the vehicle, he fell to the ground and would not get up. 
Corporal Newell called for an ambulance.  After Appellant was examined by
paramedics, Corporal Newell interviewed him and smelled beer on his breath. 
Appellant remained argumentative by raising his voice and using foul language. 
Corporal Newell performed field sobriety tests on Appellant, concluded that
Appellant failed the tests, and placed him under arrest.  Appellant refused to
provide a breath sample or blood specimen to test his blood alcohol
concentration. 

In
2007, Appellant was indicted on the offense of driving while intoxicated,
alleged as a felony based on an enhancement related to Appellant’s alleged
convictions for two prior felonies and a separate enhancement for two prior
DWIs.  Trial counsel filed a “Motion Suggesting Incompetency and Request for
Examination.”  The trial court ordered a competency examination.  The examining
psychiatrist concluded that Appellant was not competent to stand trial, but
that he could be restored to competency with treatment.  Appellant was released
on bond and participated in an outpatient treatment program.  In March 2009,
the trial court ordered a second examination to determine if Appellant had been
restored to competency.  The examining psychiatrist, who was the same
psychiatrist that conducted the first exam, concluded that Appellant’s
competency to stand trial had been restored.

After
being restored to competency in 2009, Appellant pleaded not guilty to the
charged offense, and also pleaded “not true” to the enhancement allegations. 
The trial was held on June 30, 2009.  The jury found Appellant guilty of the
charged offense, which included the enhancement for two prior DWIs.  Appellant
elected for the trial court to decide his punishment.  The trial court found
the prior felony enhancements to be true and sentenced Appellant to twenty-five
years of imprisonment.  Appellant filed a notice of appeal.  His counsel
initially filed an Anders brief, along with a motion to withdraw
as appellate counsel.  We struck counsel’s brief by written per curiam order on
June 30, 2010.  Appellant’s counsel then filed a brief on the merits.

 

Ineffective
Assistance of Counsel

            In
his sole issue, Appellant argues that his trial counsel rendered ineffective
assistance at his trial. 

Standard
of Review and Applicable Law

To
establish ineffective assistance of counsel, a defendant must show both that
trial counsel’s performance was deficient and that the deficient performance
prejudiced him.  Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984); Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  The defendant bears the burden of
proving ineffective assistance by a preponderance of the evidence.  Ex
parte Chandler, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); Bone,
77 S.W.3d at 833. 

To
show deficient performance, a defendant must show that counsel’s performance
fell below an objective standard of reasonableness.  Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  We presume trial counsel acted
within the proper range of reasonable and professional assistance and that his
trial decisions were based on sound strategy.  Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  To overcome this presumption, any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  We will not speculate as to the basis for counsel’s actions;
thus a record that is silent on the reasoning behind counsel’s actions is
sufficient to deny relief.  Stults v. State, 23 S.W.3d 198, 208
(Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); see Rylander v.
State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). 

To
show he was prejudiced by counsel’s deficient performance, a defendant must
demonstrate there is a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
“Reasonable probability” is a “probability sufficient to undermine confidence
in the outcome,” meaning “counsel's errors were so serious as to deprive the
defendant of a fair trial, a trial whose result is reliable.”  Smith v.
State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009).  Failure to prove
either deficient performance or prejudice is fatal to any complaint of
ineffective assistance.   Strickland, 466 U.S. at 700, 104 S. Ct.
2052.

The
reviewing court will not find ineffectiveness by isolating any portion of trial
counsel’s representation with the benefit of hindsight, but will judge the
claim based on the totality of the representation as it existed at the time of
trial.  See Strickland, 466 U.S. at 695, 104 S. Ct. at 2069; see
also Thompson, 9 S.W.3d at 813.  The standard for reviewing trial
counsel’s performance “has never been interpreted to mean that the accused is
entitled to errorless or perfect counsel.”  Ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990).  Finally, we note that because the
reasonableness of counsel’s choices often involves facts that do not appear in
the appellate record, the record will generally not be sufficient to show that
counsel’s representation was so deficient as to meet the first part of the Strickland
standard. Smith, 286 S.W.3d at 341.  Rather, an ineffective
assistance claim is better raised through an application for a writ of habeas
corpus.  See Rylander, 101 S.W.3d at 110.

Discussion

Appellant
alleges that his trial counsel was ineffective on four grounds, namely that his
counsel failed to (1) object to Corporal Newell’s testimony concerning the
horizontal gaze nystagmus (HGN) test for failure to lay the proper predicate
for admission of the testimony, (2) cross examine Corporal Newell on his
qualifications to administer the HGN test and the manner in which the test was
conducted, (3) object to the introduction of the jail records for failure to
lay the predicate that records were “regularly conducted” activities, and (4)
revisit the competency of Appellant to stand trial and to request a current
competency examination before proceeding to trial.

In
this case, whether trial counsel’s alleged failures show a deficiency that
prejudiced Appellant’s trial is not determinable from the record.  See Smith,
286 S.W.3d at 341.  Appellant did not file a motion for new trial and call his
trial counsel as a witness to explain his reasoning.   See Bone,
77 S.W.3d at 836 (stating that defense counsel should be given opportunity to
explain actions before being condemned as unprofessional and incompetent); see
also Anderson v. State, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d) (holding that because appellant did not call his trial
counsel during motion for new trial hearing to give reasons for failure to
investigate or present mitigating evidence, record does not support ineffective
assistance claim).  Thus, the record is silent as to any reasons explaining
trial counsel’s actions as to the alleged deficiencies.  See Thompson,
9 S.W.3d at 814.  Moreover, Appellant does not argue that his trial counsel’s
alleged shortcomings constitute a complete abdication of trial counsel’s
obligation and that there can be no reasonable basis to adopt such a position. 
See Smith v. State, 286 S.W.3d at 342 (“[W]e have recognized that
deficiency can be the result of commission or omission of an act . . . that no
other reasonable attorney would regard as sound trial strategy.”). 

We
will not speculate about the reasons for counsel’s actions.  Stults,
23 S.W.3d at 208.  Because the record does not affirmatively demonstrate the
alleged ineffectiveness, Appellant has not overcome the strong presumption that
counsel’s conduct fell within the wide range of professional assistance.  See
Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2065; Thompson,
9 S.W.3d at 814.  Consequently, we conclude that Appellant has failed to meet
the first prong of the Strickland test.  See Thompson,
9 S.W .3d at 813.

Appellant’s
sole issue is overruled. 

 

Disposition

            We
affirm the judgment of the trial court. Without a separate order,
we overrule appellate counsel’s motion to withdraw as moot. 

 

                                                                                                Sam Griffith

                                                                                                    
Justice

 

 

 

 

Opinion delivered April 20, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)