# NO. 12-09-00238-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY EARL WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bobby Earl Williams appeals his conviction for felony driving while intoxicated (DWI). In his sole issue, Appellant contends that he received ineffective assistance of counsel at his trial. We affirm.

### BACKGROUND

On December 23, 2005, shortly before 10:00 p.m., Corporal Eric Newell of the Nacogdoches Police Department, while with another officer, was concluding a traffic stop when he witnessed a second car drive by him with its parking lights activated, but not its headlights. Corporal Newell followed the second vehicle with his overhead lights on for approximately two blocks. Before pulling over in a residential driveway, the vehicle swerved into oncoming traffic and jerked back into the proper lane when an oncoming car approached it. Corporal Newell later determined that Appellant was driving the vehicle at the time of the stop, and the driveway at which Appellant stopped was his own. The other officer at the first traffic stop pulled in behind Corporal Newell to assist him.

Upon stopping, Appellant reached below the seat. Due to the low light conditions, the officers asked Appellant to exit the vehicle for their safety. Appellant became argumentative and

the officers physically removed him from the vehicle. During that process, Corporal Newell observed an empty beer can in the vehicle and noted that the floorboard was wet with what smelled like beer. Once Appellant was outside the vehicle, he fell to the ground and would not get up. Corporal Newell called for an ambulance. After Appellant was examined by paramedics, Corporal Newell interviewed him and smelled beer on his breath. Appellant remained argumentative by raising his voice and using foul language. Corporal Newell performed field sobriety tests on Appellant, concluded that Appellant failed the tests, and placed him under arrest. Appellant refused to provide a breath sample or blood specimen to test his blood alcohol concentration.

In 2007, Appellant was indicted on the offense of driving while intoxicated, alleged as a felony based on an enhancement related to Appellant's alleged convictions for two prior felonies and a separate enhancement for two prior DWIs. Trial counsel filed a "Motion Suggesting Incompetency and Request for Examination." The trial court ordered a competency examination. The examining psychiatrist concluded that Appellant was not competent to stand trial, but that he could be restored to competency with treatment. Appellant was released on bond and participated in an outpatient treatment program. In March 2009, the trial court ordered a second examination to determine if Appellant had been restored to competency. The examining psychiatrist, who was the same psychiatrist that conducted the first exam, concluded that Appellant's competency to stand trial had been restored.

After being restored to competency in 2009, Appellant pleaded not guilty to the charged offense, and also pleaded "not true" to the enhancement allegations. The trial was held on June 30, 2009. The jury found Appellant guilty of the charged offense, which included the enhancement for two prior DWIs. Appellant elected for the trial court to decide his punishment. The trial court found the prior felony enhancements to be true and sentenced Appellant to twenty-five years of imprisonment. Appellant filed a notice of appeal. His counsel initially filed an *Anders* brief, along with a motion to withdraw as appellate counsel. We struck counsel's brief by written per curiam order on June 30, 2010. Appellant's counsel then filed a brief on the merits.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that his trial counsel rendered ineffective assistance at his trial.

**Standard of Review and Applicable Law**

To establish ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The defendant bears the burden of proving ineffective assistance by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Bone*, 77 S.W.3d at 833.

To show deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We presume trial counsel acted within the proper range of reasonable and professional assistance and that his trial decisions were based on sound strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. We will not speculate as to the basis for counsel's actions; thus a record that is silent on the reasoning behind counsel's actions is sufficient to deny relief. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

To show he was prejudiced by counsel's deficient performance, a defendant must demonstrate there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). "Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700, 104 S. Ct. 2052.

The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation with the benefit of hindsight, but will judge the claim based on the totality of the representation as it existed at the time of trial. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069; *see also Thompson*, 9 S.W.3d at 813. The standard for reviewing trial counsel's performance "has never been interpreted to mean that the accused is entitled to errorless or perfect counsel."

***Ex parte Welborn***, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Finally, we note that because the reasonableness of counsel's choices often involves facts that do not appear in the appellate record, the record will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the ***Strickland*** standard. ***Smith***, 286 S.W.3d at 341. Rather, an ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See **Rylander***, 101 S.W.3d at 110.

## Discussion

Appellant alleges that his trial counsel was ineffective on four grounds, namely that his counsel failed to (1) object to Corporal Newell's testimony concerning the horizontal gaze nystagmus (HGN) test for failure to lay the proper predicate for admission of the testimony, (2) cross examine Corporal Newell on his qualifications to administer the HGN test and the manner in which the test was conducted, (3) object to the introduction of the jail records for failure to lay the predicate that records were "regularly conducted" activities, and (4) revisit the competency of Appellant to stand trial and to request a current competency examination before proceeding to trial.

In this case, whether trial counsel's alleged failures show a deficiency that prejudiced Appellant's trial is not determinable from the record. *See **Smith***, 286 S.W.3d at 341. Appellant did not file a motion for new trial and call his trial counsel as a witness to explain his reasoning. *See **Bone***, 77 S.W.3d at 836 (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also **Anderson v. State***, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). Thus, the record is silent as to any reasons explaining trial counsel's actions as to the alleged deficiencies. *See **Thompson***, 9 S.W.3d at 814. Moreover, Appellant does not argue that his trial counsel's alleged shortcomings constitute a complete abdication of trial counsel's obligation and that there can be no reasonable basis to adopt such a position. *See **Smith v. State***, 286 S.W.3d at 342 ("[W]e have recognized that deficiency can be the result of commission or omission of an act . . . that no other reasonable attorney would regard as sound trial strategy.").

We will not speculate about the reasons for counsel's actions. ***Stults***, 23 S.W.3d at 208. Because the record does not affirmatively demonstrate the alleged ineffectiveness, Appellant has

not overcome the strong presumption that counsel's conduct fell within the wide range of professional assistance.  *See* **Strickland**, 466 U.S. at 689-90, 104 S. Ct. at 2065; **Thompson**, 9 S.W.3d at 814.   Consequently, we conclude that Appellant has failed to meet the first prong of the **Strickland** test.   *See* **Thompson**, 9 S.W .3d at 813.

Appellant's sole issue is overruled.

## DISPOSITION

We *affirm* the judgment of the trial court. Without a separate order, we overrule appellate counsel's motion to withdraw as moot.

SAM GRIFFITH
Justice

Opinion delivered April 20, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)