IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,366






EX PARTE MIA ABRAMS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 832176 IN THE 176TH JUDICIAL DISTRICT COURT OF
HARRIS COUNTY



 


 Per curiam.  Keller, P.J., and Hervey, J., dissented.

 

O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of murder, and punishment was assessed at forty years' confinement. 
Her conviction was affirmed on direct appeal. Abrams v. State, No. 14-00-01295-CR (Tex.
App. - Houston [14th Dist.], delivered January 17, 2002, pet. ref'd).

 Applicant contends that she received ineffective assistance of trial counsel, because
counsel failed to object to the jury charge or request an instruction on self defense and/or
defense of property, and failed to investigate these defenses. Furthermore, Applicant alleges
that counsel was ineffective for failing to request notice of the State's expert witnesses,
failing to voir dire the State's police witness, and failing to challenge her qualifications as
an expert witness. 

 The trial court conducted a habeas hearing and entered findings of fact and
conclusions of law, finding that counsel was effective and recommending that relief be
denied. Because we do not believe that the record supports the trial court's findings and
conclusions, we grant relief, finding that Applicant's trial attorney failed to provide effective
assistance under the standards set out in Strickland v. Washington, 466 U.S. 668 (1984). Counsel concedes that he did not perform any independent investigation prior to trial. 
Although he was aware that Applicant had a self-defense claim that was supported by the
evidence, counsel did not argue self-defense at trial, and did not request an instruction on
self-defense in the jury charge. Counsel testified at the habeas hearing that he did not argue
self-defense because Applicant and her husband refused to raise the defense, maintaining that
the stabbing was an "accident." It appears that counsel failed to understand that what
Applicant referred to as an "accident" was in fact the basis of a legal self-defense claim. 

 There is evidence in the record indicating that counsel wanted to argue self-defense,
but only under a set of facts that would require Applicant to lie on the stand about the
circumstances of the offense. Counsel failed to argue self-defense under the theory
supported by Applicant's account of the events, which was that she intentionally stabbed
someone whom she mistakenly believed to be an intruder in her home, out of reasonable fear
that she would be harmed by that intruder. Only after the stabbing did she realize that the
"intruder" was actually her cousin and lover, Christopher Moore. Realizing this, she
attempted to save his life by calling 9-1-1, trying to stop the bleeding, and accompanying him
to the hospital in the ambulance. 

 The record of the trial shows that counsel's cross-examination of the State's witnesses
consisted almost entirely of trying to get each witness to concede that the stabbing could have
been "accidental." Defense counsel called only two witnesses for the defense; Applicant and
her husband. After Applicant conceded on cross-examination that she stabbed the victim
with the intent to hurt him (although she was under the mistaken impression that he was an
intruder), counsel continued to argue that she lacked the required intent to commit murder. 
Although the State was not required to prove that Applicant intended to kill Christopher
Moore, specifically, counsel's only argument in her defense was that she lacked intent. It has long been held that a criminal defense lawyer must have a firm command of the
facts of the case as well as governing law before he can render reasonably effective
assistance of counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Ex
parte Ybarra, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982); Ex parte Duffy, 607 S.W.2d
507, 516 (Tex. Crim. App. 1980). In this case, counsel demonstrated no clear understanding
of the law of self-defense, defense of property, mistake of fact, or the intent required to prove
murder. Applicant's defense was certainly prejudiced by counsel's failure to understand the
law applicable to the case, because by failing to request an instruction on self-defense or
defense of property, counsel gave the jury no option but to convict Applicant of murder. 

 Applicant also alleges that counsel was ineffective for failing to challenge the
testimony of a State's witness, Officer Stacy Suro. Officer Suro, part of the Crime Scene
Unit that collected evidence at the scene, testified at trial that, based on the blood spatters she
observed in Applicant's bathtub, the bathtub was not wet when the blood spatters were
deposited. Officer Suro's testimony, which drew no objection from the defense, conflicted
with Applicant's claim that she had been taking a bath when she heard noises in the other
room, leading her to believe that there was an intruder in her apartment. During closing
arguments, the prosecutor argued (again without objection) that Officer Suro's testimony
showed that Applicant was lying.

 During the habeas hearing, defense counsel testified that he did not move for
notification of the State's expert witnesses under Article 39.14(b) of the Texas Code of
Criminal Procedure, or challenge Officer Suro's qualifications as a blood spatter expert under
Texas Evidence Rule 704(b) because "it doesn't work." Counsel also testified that he did
not believe that Officer Suro's testimony was relevant in any way to the defense theory.
Counsel persisted in this view despite the fact that the State used the testimony to undermine
Applicant's credibility and negate the only defensive theory raised by the evidence.

 The trial court in its habeas findings finds that Officer Suro was not presented as an
expert, and that her testimony was "lay opinion" testimony rather than expert testimony. The
court appears to rely on Officer Suro's testimony during the habeas hearing, in which she
asserted that she was not and is not now qualified to testify as an expert on blood spatter
evidence. However, Officer Suro's lack of expert qualifications do not automatically render
the testimony she gave at trial "lay opinion" testimony. The fact that Officer Suro was not
qualified to testify as an expert is precisely the reason why counsel should have challenged
her testimony. 

 Applicant was clearly prejudiced by counsel's failure to challenge Officer Suro's
testimony. Applicant has submitted an affidavit from an expert in forensic science, Professor
Edward E. Hueske. It is Professor Hueske's opinion, after reviewing the evidence in this
case, that Officer Suro's conclusions are not supported, and that there was, in fact, evidence
indicating that the tub was still wet when the bloodstains were deposited. If the jury had
heard Professor Hueske's opinion, or if the defense had challenged Officer Suro's
qualifications and testimony, there is a reasonable chance that the result of the trial would
have been different. 

 We believe that Applicant has met her burden of showing that counsel's performance
was deficient, and that counsel's errors were so serious as to deprive Applicant of a fair trial,
a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1984). Habeas corpus relief is
granted. The trial court's judgment is vacated, and Applicant is remanded to the custody of
the Sheriff of Harris County to answer the indictment.


DO NOT PUBLISH

DELIVERED: March 29, 2006