*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00207-CR

James Martin **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2537
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:    February 11, 2009

AFFIRMED

James Martin Sanchez was found guilty of driving while intoxicated and was sentenced to seven years imprisonment and a fine of $2,500.00. Sanchez contends his trial counsel was ineffective by failing to object to the indictment, police reports and other pleadings offered by the State, as well as specific sections of a videotape. We affirm the trial court's judgment.

**BACKGROUND**

When Sergeant Cindy Pruitt approached a red Ford Ranger, the driver, James Martin Sanchez, was either asleep or passed out at the wheel. Sanchez did not respond to Sergeant Pruitt's presence and remained asleep with his foot on the brake as the vehicle was running. Sergeant Pruitt opened the driver's side door to turn off the engine and smelled a very strong alcohol odor. After waking Sanchez, Sergeant Pruitt noticed Sanchez's bloodshot eyes and slurred speech. Sergeant Pruitt also noticed that Sanchez was unable to comprehend the officer's request for identification, and Sanchez made repeated attempts to drive the vehicle. Assisted by another officer, Sergeant Pruitt helped Sanchez out of the vehicle and arrested him.

Sergeant Pruitt transported Sanchez to the magistrate's office, where Sanchez agreed to provide a breath sample and take a sobriety test. Unable to provide a sufficient sample for the intoxilyzer, Sanchez was taken to a room where his sobriety test was videotaped. Sanchez showed six of six clues on the horizontal gaze nystagmus test. Sanchez was unable to perform the walk and turn test or recite the alphabet. Due to safety reasons, the officers stopped the one legged stand test and concluded Sanchez was intoxicated. The videos of Sanchez's arrest and sobriety tests were admitted into evidence as a two-part videotape labeled State's exhibit 2.

Sanchez was charged by indictment with the felony offense of driving while intoxicated. The indictment also included an enhancement paragraph including three prior DWI's. Following a jury trial, Sanchez was found guilty of the offense charged in the indictment and sentenced to seven years imprisonment and a $2,500.00 fine.

## STANDARD OF REVIEW

A defendant is entitled to effective assistance of trial counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008). To prove ineffective assistance of trial counsel on appeal, an appellant must show that trial counsel's assistance fell below an objective professional standard of reasonableness and trial counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish prejudice, appellant must prove, by a preponderance of the evidence, that but for trial counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that trial counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. It is very difficult for an appellant to establish ineffective assistance when the record does not specifically mention trial counsel's reasons for his actions and appellant does not develop an evidentiary record through a hearing on a motion for new trial. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

## DISCUSSION

On appeal, Sanchez alleges he received ineffective assistance of trial counsel because his trial counsel failed to lodge certain objections at trial. According to Sanchez, trial counsel should have

objected to the indictment because it contained more than the requisite two previous misdemeanor convictions necessary for jurisdictional purposes. Sanchez also contends trial counsel was ineffective in failing to object to the introduction of police reports on hearsay grounds or the introduction of pleadings, including a judgment of a third prior DWI offense and a motion to terminate community supervision. Lastly, Sanchez contends trial counsel was ineffective by failing to object to specific portions of the audio version of State's exhibit 2. According to Sanchez, the videotape contains statements made during the arrest regarding paperwork involving either sex offender registration or a restraining order found in Sanchez's truck.

No evidentiary record was developed through a hearing on a motion for new trial. The record is silent and does not reveal trial counsel's reasons for not objecting to the indictment, police reports, other pleadings offered by the State, or specific portions of State's exhibit 2. The reporter's record does reveal, however, that trial counsel expressly stated he understood the State's intention to proceed with all three prior convictions and did not have any objection to the matter. Furthermore, the reporter's record reflects that trial counsel objected to the videotape on the grounds that the videotape was more prejudicial than probative pursuant to Texas Rule of Evidence 403; however, the objection was overruled.

Absent a properly developed evidentiary record through a hearing on a motion for new trial, we must deny the ineffective assistance claim as speculative. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Gibbs*, 7 S.W.3d at 179. Based on the reporter's record alone, we cannot say that Sanchez's trial counsel failed to render effective assistance of counsel. Because the reporter's record does not specifically mention counsel's reasons for his actions and Sanchez did not develop an evidentiary record through a hearing on a motion for new trial, Sanchez fails to rebut the

strong presumption of reasonable counsel. *See Gibbs*, 7 S.W.3d at 179*; see also Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (holding that a trial counsel's failure to object to procedural mistakes or improper evidence may be presumed to be reasonable trial strategy and does not constitute ineffective assistance of counsel); *Darby v. State*, 922 S.W.2d 614, 623-24 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding that a trial counsel's decision not to object to what appears to be inadmissible hearsay is justifiable as sound trial strategy). Accordingly, we overrule Sanchez's ineffective assistance claim.

## CONCLUSION

We affirm the trial court's judgment.

Catherine Stone, Chief Justice

DO NOT PUBLISH