**Affirmed and Memorandum Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00241-CR
NO. 14-14-00242-CR

**GRISELDA AZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 1366175 & 1366176**

## MEMORANDUM OPINION

Appellant killed two people in a drunk-driving accident when she ran through a red light and collided with another vehicle. The State charged her with two counts of intoxication manslaughter, and she pleaded guilty to each count without an agreed recommendation as to punishment. On both counts, the trial court sentenced her to fifteen years' imprisonment and ordered that the sentences were to run concurrently. Now, in a single issue on appeal, appellant argues that

she was denied the effective assistance of trial counsel because counsel never moved to suppress the results of a blood draw that proved her intoxication.

We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). Under *Strickland*, the defendant must prove that her trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived her of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. A deficient performance will only deprive the defendant of a fair trial if it prejudices the defense. *Id.* at 691–92. To demonstrate prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the defendant is unable to meet the first prong of the *Strickland* test because

the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Moreover, it is not sufficient that the defendant show, with the benefit of hindsight, that her counsel's actions or omissions during trial were merely of questionable competence. *See Mata*, 226 S.W.3d at 430. Rather, to establish that counsel's acts or omissions were outside the range of professionally competent assistance, the defendant must show that counsel's errors were so serious that she was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

The blood draw at issue revealed that appellant had an alcohol concentration that was nearly three times the legal limit. Appellant contends that if this evidence had been suppressed, then she would have been in a better position to negotiate a more favorable plea bargain, or perhaps even proceed to trial.

She argues further that this evidence could have been suppressed because it was obtained pursuant to a mandatory blood-draw statute, rather than a court-issued warrant. Appellant refers specifically to Section 724.012(b)(1)(A) of the Texas Transportation Code, which mandates the taking of a blood specimen in certain cases where an individual has died as a direct result of a drunk-driving

accident. Appellant takes issue with this statute, claiming that it cannot operate as an exception to the Fourth Amendment's warrant requirement. She relies on a recent decision from this court, in which we held that the State had not proved its burden of showing an exigency exception for another warrantless blood draw, despite facts that implicated a different provision of the same statute. *See Douds v. State*, 434 S.W.3d 842, 862 (Tex. App.—Houston [14th Dist.] 2014) (en banc) (op. on reh'g), *rev'd on other grounds*, — S.W.3d —, 2015 WL 5981121 (Tex. Crim. App. Oct. 14, 2015).

We need not address the challenge to the blood-draw statute because the record does not affirmatively demonstrate counsel's ineffectiveness. Appellant did not file a motion for new trial, and thus, the record is completely silent as to counsel's tactics and strategy regarding the treatment of the blood-draw evidence. We cannot deem counsel's performance constitutionally deficient without speculating as to counsel's motivations, which we are not permitted to do. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.").

Moreover, we note that the record does not affirmatively demonstrate that the blood draw was obtained without a warrant, which is an essential premise to appellant's claim. The only evidence of the circumstances surrounding the blood draw is recited in a presentence investigation report. The report states that appellant was transported to a hospital after the accident, and that a "mandatory blood sample" was obtained there "for medical reasons." There is no discussion indicating whether or not the State procured a warrant to obtain the blood specimen. The mere mention of the word "mandatory" does not mean that the blood draw was necessarily warrantless.

We further note that the presentence investigation report raises the suggestion that the blood draw was ordered by the hospital for the sole purpose of medical treatment, rather than by the State for the purpose of criminal investigation. If that suggestion were true, appellant would not have a reasonable expectation of privacy in the blood-draw evidence, and she would lack standing to challenge its admission under the Fourth Amendment. *See State v. Hardy*, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997); *Tapp v. State*, 108 S.W.3d 459, 461–62 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Thus, counsel would not have been ineffective for failing to file a motion to suppress.

The record in this case is underdeveloped. There is no evidence that the blood draw was obtained without a court-issued warrant. Even if there were such evidence affirmatively showing the blood draw was warrantless, the record is still silent on counsel's reasons for not challenging the admission of that evidence. Appellant has not overcome the strong presumption that counsel acted reasonably. Therefore, we overrule her sole issue on appeal and affirm the judgment of the trial court.

/s/    Tracy Christopher
       Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).