ACCEPTED
01-15-00238-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 1:27:49 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00238-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

DANG DUY TRUONG
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1410374
From the 262nd District Court of Harris County, Texas

BRIEF FOR THE APPELLANT

TONYA ROLLAND MCLAUGHLIN
TBN 24054176
815 Walker St., Suite 1047
Houston, Texas 77002
Phone: (713) 529-8500
Fax: (713) 456-2203

**Counsel for Appellant**

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                        Dang Duy Truong
TDC# 01984623
4250 Highway 202
Beeville, Texas 78102

TRIAL PROSECUTORS:                   Erin Epley
Donna Logan
Assistant District Attorneys
Harris County, Texas
1201 Franklin Avenue
Houston, Texas 77002

DEFENSE COUNSEL AT HEARING:     Thomas Radosevich
1821 Houston Avenue
Houston, Texas 77007

COUNSEL ON APPEAL FOR APPELLANT:   Tonya Rolland McLaughlin
815 Walker St., Suite 1047
Houston, Texas 77002

PRESIDING JUDGES:                  Hon. Denise Bradley
Hon. Wayne Mallia
262nd District Court
Harris County, Texas
1201 Franklin Avenue
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..................................................................2

TABLE OF CONTENTS............................................................................................3

INDEX OF AUTHORITIES ......................................................................................4

STATEMENT OF THE CASE....................................................................................5

STATEMENT REGARDING ORAL ARGUMENT.....................................................6

ISSUE PRESENTED .................................................................................................7

STATEMENT OF FACTS...........................................................................................7

SUMMARY OF THE ARGUMENT .........................................................................12

ARGUMENT ..........................................................................................................12

    TRIAL COUNSEL WAS INEFFECTIVE DURING THE PUNISHMENT PHASE BY
    FAILING TO INVESTIGATE APPELLANT'S BACKGROUND OR PRESENT
    MITIGATION EVIDENCE.

    STANDARD OF REVIEW......................................................................... 12

    ANALYSIS. ............................................................................................... 13

    CONCLUSION. ......................................................................................... 16

PRAYER..................................................................................................................17

CERTIFICATE OF SERVICE...................................................................................17

CERTIFICATE OF COMPLIANCE.........................................................................18

# INDEX OF AUTHORITIES

## Cases

*Charles v. State, 146 S.W.3d 204 (Tex. Crim. App. 2004)*.................................................................. 13

*Ex parte Welborn, 785 S.W.2d 391 (Tex. Crim. App. 1990)*................................................................ 13

*Lopez v. State, 462 S.W.3d 180 (Tex. App. -- Houston [1ˢᵗ Dist.] 2015)*. ........................................ 13

*Milburn v. State, 15 S.W.3d 267 (Tex. App. -- Houston [14ᵗʰ Dist.] 2000, pet. ref'd)* ...................... 14

*Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984)* ........................................12, 13, 15

*Wiggins v. State, 539 U.S. 510 (2003)* .............................................................................................. 14

*Wilkerson v. State, 726 S.W.2d 542 (Tex. Crim. App. 1986)* ............................................................. 12

## Constitutional Provisions, Statutes and Rules

U.S. Const............................................................................................................................................ 12

Texas Const. ....................................................................................................................................... 12

Tex. Code Crim. Proc. Ann. Art. 44.29(b) (2013) .............................................................................. 17

Tex. R. App. Proc. 38.1(e) ...................................................................................................................6

## STATEMENT OF THE CASE

Appellant was charged in cause number 1410374 with Aggravated Robbery alleged to have occurred on or about September 28, 2013. (1 CR at 6).[1] On February 25, 2015, a jury found Appellant guilty and sentenced him to forty (40) years in the Institutional Division of the Texas Department of Corrections. (1 CR at 128). Appellant filed a timely notice of appeal on that day. (1 CR at 131). Appellant filed and presented a Motion for New Trial on March 25, 2015. (1 CR at 138). The trial court denied the motion on April 29, 2015. (1 CR at 135).

---

[1] CR is for the Clerk's Record. RR is for the supplemental reporter's record.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument should be permitted because this appeal is not frivolous and the facts and legal arguments are adequately presented. TEX. R. APP. PROC. 38.1(e). Appellant requests oral argument because the Court of Appeal's decision, whether the trial counsel was ineffective, would be significantly aided by oral argument.

## ISSUE PRESENTED

**ISSUE ONE: TRIAL COUNSEL WAS INEFFECTIVE DURING THE PUNISHMENT PHASE BY FAILING TO INVESTIGATE APPELLANT'S BACKGROUND OR PRESENT MITIGATION EVIDENCE.**

## STATEMENT OF FACTS

Appellant, Dang Truong, was 22 years old at the time he was charged with Aggravated Robbery. (CR at 6). Defense counsel, Thomas Radosevich, was appointed to represent him six months before trial. (CR at 17). The original plea offer from the State was twenty five years. (CR at 18). On February 24, 2015, Judge Bradley conducted voir dire and the following day visiting Judge Wayne Mallia presided over the remainder of the trial. (3 RR at 4, 122). The guilt and innocence phase through the end of the punishment phase lasted only one day.

Mr. Radosevich plead not guilty on behalf of Appellant at trial. (4 RR at 23). He waived opening argument. (5 RR at 92). The State introduced a video, through Detective Jeffrey Miller, of Appellant with a gun and appearing to rob a business. (4 RR at 30). Mr. Radosevich did not cross examine Det. Miller. (5 RR at 75). Next, complainant, Hoan Pham, testified Appellant entered the business and shot him in the arm and tried to shoot him in the face, but the gun did not fire. (5 RR at 81-84). Mr. Radosevich did not cross examine Mr. Pham, although; Appellant denied shooting the complainant or aiming a gun at his face. (4 RR at 91, 93-94). After the State rested, Mr. Radosevich requested a short recess to talk to Appellant and then called him to

7

the stand. (4 RR at 92-93). Mr. Radosevich did not prep Appellant to testify; he decided, at that moment, Appellant would testify. (7 RR at 99).

Appellant took the stand and admitted he gave in to peer pressure and committed the armed robbery while intoxicated. (4 RR at 94-95). Appellant's name and age were the only personal questions Mr. Radosevich asked him on the stand. (4 RR 93-94). Mr. Radosevich did not object during the State's cross of Appellant and did not redirect. (4 RR at 114). Mr. Radosevich concluded the guilt innocence phase of trial by waiving closing argument. (4 RR at 117). The State's close acknowledged "it's been a fast trial." (*Id.*). The jury found him guilty. (4 RR at 20).

During the punishment phase, Mr. Radosevich again called Appellant to the stand to briefly question him about his knowledge of probation and did not offer any mitigation evidence. (5 RR at 5 8). He did not redirect after the State's cross of Appellant or call any additional witnesses to testify. (5 RR 10). Mr. Radosevich began his closing punishment argument by pointing out to the jury they "didn't hear from defendant's family and you can infer he doesn't have any or doesn't like him" and they "didn't see any friends." (5 RR at 15). The State's close equated this case to a capital murder without objection from Mr. Radosevich. (5 RR at 13). The State commented that Appellant's demeanor on the stand is nice, sweet and modest but calls him a liar and then asks the jury to sentence him to a minimum of forty years. (5 RR at 18, 24). The jury sentenced him to forty years. (5 RR at 27).

8

Counsel on appeal presented a motion for new trial alleging ineffective assistance of counsel during the punishment phase. (CR at 135). Judge Bradley heard arguments for the motion for new trial. (6 RR at 1). Appellate counsel offered into evidence affidavits from Mr. Radosevich, Lott Brooks, Lucy Thai, Kim Ho and Christine Nguyen. (6 RR at 5 6; 7 RR at 99-106).

Appellant's adoptive mother, Lucy Thai, was never contacted by Mr. Radosevich. (7 RR at 103). Ms. Thai's statement, through a Vietnamese interpreter, was that had she would have told the jury about her son's history. (*Id.*). He was born to her single, mentally ill, fifteen year old sister in Vietnam. Appellant went to live in a Vietnamese orphanage at five years old when his birth mother died. (*Id.*). Thai later adopted him and they came to the United States as refugees when he was eight years old. (*Id.*).

Appellant's ex-girlfriend, Kim Ho, was willing to testify on Appellant's behalf. (7 RR at 105). She remained friends with him even after ending their dating relationship three years prior and believes him to be a sweet person and remorseful of the situation. (*Id.*). According to Ms. Ho, Mr. Radosevich would never get back to her about arranging a meeting and did not tell her about trial. (*Id.*).

Appellant's childhood friend, Christine Nguyen, swears she tried to meet up with Mr. Radosevich multiple times and he would not return her texts or calls for days. (7 RR at 106). Ms. Nguyen was not asked by Mr. Radosevich to testify, but would have told the jury she met Appellant in Sunday school at the Incarnate Word

9

when they were twelve years old. (*Id.*). He is like a little brother to her and she was surprised by this arrest. (*Id.*). He did not have much growing up, but was always willing to help others. (*Id.*).

Mr. Radosevich acknowledged in an affidavit on April 7, 2015, that he did not subpoena witnesses, although he knew some were available, and "it is critical for the defense to present witnesses in mitigation of punishment, to humanize the defendant in the eyes of the jury and show them that family and friends cared deeply." (7 RR at 99). Mr. Radosevich states he was not advised Appellant had any relatives and submitted a form he uses to help prepare witnesses. (7 RR at 99, 101). He states Ms. Nguyen and Ms. Ho believed attorney, Lott Brooks, would be hired to handle the case and that his inability to persuaded them to help Appellant hurt him at punishment. Mr. Brooks was not retained for this case and only spoke to family the week before trial. (7 RR at 102).

On April 27, 2015, Mr. Radosevich signed an affidavit for the prosecution restating that he had been in contact with Ms. Nguyen and Ms. Ho leading up to trial, they believed Mr. Brooks would be retained and he was not aware Appellant had family. (7 RR at 98). Mr. Radosevich claimed to have sent Appellant nine letters and memorandums explaining what was needed from family and friends to defend him. (*Id.*).

The State argued to the trial court, during the motion for new trial hearing, that because Appellant took the stand during his trial, he offered "the sum total of the

10

mitigation evidence" that would have been available. (6 RR at 11). The State misstated the record and told the trial court Appellant testified at trial that he could not remember the names of his childhood friends or their parents, when in fact; this testimony was only regarding his co-defendants. (6 RR at 14). Additionally, the State urged that Appellant testified at trial "he had no family, that his family was dead, that he was alone." (6 RR at 12). This is nowhere in the reporter's record.

## SUMMARY OF THE ARGUMENT

Appellant complains trial counsel was ineffective during the punishment phase of his trial. Trial counsel did not call witnesses for punishment, who he knew were willing to testify, or inquire into the background or family of the Appellant. Trial counsel was clearly unprepared for trial and did not present any defensive theory.

## ARGUMENT

**ISSUE: TRIAL COUNSEL WAS INEFFECTIVE DURING THE PUNISHMENT PHASE BY FAILING TO INVESTIGATE APPELLANT'S BACKGROUND OR PRESENT ANY MITIGATION EVIDENCE.**

### STANDARD OF REVIEW

Appellant was entitled to effective assistance of counsel at every stage of his trial under the United States Constitution and the Texas Constitution. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance of counsel, Appellant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To show deficiency, Appellant must prove by a preponderance of the evidence that counsel's representation objectively fell below the professional norms. *Id.* This Court looks to the totality of the representation to determine effectiveness of counsel. *Id.* at 688-689. Because Appellant raised his ineffective assistance claim in a motion for new

12

trial, the Court will review under an abuse of discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

## ANALYSIS

At only 23 years old, Appellant faced a potential life sentence at trial. Counsel is expected, at a minimum, to use his professional judgment to prepare for trial and advise his client. *Strickland*, 466 U.S. at 680-681; 104 S. Ct. at 2060-61. Mr. Radosevich admittedly did not subpoena or call punishment witnesses to testify on behalf of the Appellant, although he knew some were available. (7 RR at 99). His performance fell below an objective standard of reasonableness; therefore, the first prong of *Strickland* was met in support of Appellant's motion for new trial. *Id.* The professional and ethical responsibility of a criminal defense attorney includes the duty to locate, interview, and call potential witnesses. The failure to do so constitutes ineffective assistance of counsel. *Ex parte Welborn*, 785 S.W.2d 391, 394-395 (Tex. Crim. App. 1990).

Mr. Radosevich attached a form letter to his first affidavit as an example of how he prepares witnesses. (7 RR at 101). However, this is just that, a form letter. Mr. Radosevich does not claim, nor provide proof, that a similar letter went to any potential witnesses. Furthermore, this Court, has held that issuing a form letter to delegate the task of developing character witnesses for punishment is not enough. *Lopez v. State*, 462 S.W.3d 180, 187 (Tex. App. –Houston [1st Dist.] 2015). Trial

counsel has a professional obligation to conduct reasonable investigation into the defendant's background and into his character. *Id.* The failure to interview and call witnesses who are available to testify at the punishment stage and whose testimony would have been beneficial to the defendant cannot be labeled as "sound trial strategy." *Milburn v. State*, 15 S.W.3d 267, 270 (Tex. App. – Houston [14ᵗʰ Dist.] 2000, pet. ref'd).

Mr. Radosevich put Appellant on the stand during both guilt innocence and the punishment stage, but did not elicit any meaningful testimony from him. The jury was left without any idea of where Appellant came from, where he lived, where he worked, where he went to school, or if he was remorseful. The Supreme Court has recognized that a failure to uncover and present mitigating evidence cannot be justified as a tactical decision when defense counsel has not conducted a thorough search of the defendant's background. *Wiggins v. State*, 539 U.S. 510, 534 (2003).

Not only did Mr. Radosevich not call character witnesses on behalf of Appellant during the punishment stage, he began his closing punishment argument by telling the jury "you didn't hear from any of Mr. Truong's family, and you can infer that he doesn't have any family, or you can infer that his family doesn't like him." (5 RR at 15). What reasonable, advocate would ever begin a punishment argument for a violent offense by insinuating not even the defendant's own family likes him? Mr. Radosevich's representation of the Appellant is truly baffling.

14

Based on the second prong in *Strickland*, it is reasonably probable that, but for Mr. Radosevich's unprofessional errors, the result of Appellant's punishment stage would have been different. For instance, consider the totality of the representation. During guilt innocence, Mr. Radosevich plead not guilty for Appellant, waived open, failed to cross examine State's witnesses, last minute threw Appellant on the stand, and waived close. He then proceeded to the punishment stage by failing to call any character witnesses or offering meaningful mitigating evidence. Mr. Radosevich continued in close to try and minimize the Appellant's responsibility when the jury had already convicted him. He also mentions in both affidavits that he believed attorney Lott Brooks would be hired, thus implying he did not adequately prepare for trial because he thought Mr. Brooks would be substituting in for Appellant. (7 RR at 97, 99).

In contrast, a reasonable probability exists that Appellant's sentence would have been less severe had the jury balanced the aggravating and mitigating circumstances. Mr. Radosevich could have plead guilty on behalf of Appellant at the beginning of trial and gave an opening statement preparing the jury for what the evidence was about to show. This would have allowed the jury to proceed to the punishment stage already digesting that Appellant was accepting responsibility for the offense and felt remorse. Had the jury been given the opportunity to hear Ms. Thai's testimony, they would have been able to weigh the facts that Appellant was in the United States as a legal refugee and what he had faced as a young orphan in Vietnam.

15

(7 RR at 103). The jury could have simply known, despite Mr. Radosevich's close, that Appellant had family that cared. Ms. Nguyen and Ms. Ho's character testimony would have humanized Appellant for the jury and shown a softer side of him to contrast against the violent offender painted by the State. Mr. Radosevich should have objected when the State misstated the law and the evidence and proclaimed to the jury during punishment close "for the grace of God this is a capital murder." (5 RR at 13). Then the jury may not have returned a sentence typical of a murder conviction.

### CONCLUSION

The State argued at the end of the punishment phase that it is trial counsel's job to "protect his client and… beg for leniency because he is a young kid." (5 RR at 21). Agreed. This trial would have ended differently had Mr. Radosevich provided that simple defense. Defense counsel is the voice of the defendant and what the defense says or fails to say reflects on the defendant. Mr. Radosevich had six months to prepare for the most important day in Appellant's life. When that day came, he failed his client, failed to be a zealous advocate and ultimately failed to be effective.

16

## PRAYER

Appellant prays this Court to reverse the trial court's order denying Appellant's motion for new trial and remand the cause for a new punishment hearing pursuant to article 44.29(b) of the Texas Code of Criminal Procedure.

Respectfully submitted,

**_s/Tonya Rolland McLaughlin**
**Tonya Rolland McLaughlin**
815 Walker St., Suite 1047
Houston Texas 77002
Phone: (713) 529-8500
Fax: (713) 453-2203
TBN 24054176

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered via e-service to the following:

curry_alan@dao.hctx.net
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Suite 600
Houston, Texas 77002-1923

**_s/Tonya Rolland McLaughlin**
**Tonya Rolland McLaughlin**

**CERTIFICATE OF COMPLIANCE**

I certify that this computer-generated document has a word count of 3,015 words, based upon the representation provided by the word processing program used to create the document.

_s/Tonya Rolland McLaughlin__
**Tonya Rolland McLaughlin**

18