

# In the Court of Criminal Appeals of Texas

No. WR-60,903-02

EX PARTE ALVIN CHRISTOPHER STEWART,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. D-1-DC-02-904132-B
In the 299th District Court
Travis County

YEARY, J., filed a dissenting opinion.

Today, the Court overturns a judgment that was rendered over two decades ago, granting a new punishment hearing on the ground that Applicant's trial counsel was constitutionally ineffective. But when an applicant waits over twenty years to bring such a claim, the doctrine of laches is particularly pertinent—namely, because memory diminishes

with the passage of time. Indeed, we see profound evidence of that in this very case. Accordingly, equity does not favor Applicant, and I would deny relief. Because the Court does otherwise, I respectfully dissent.

## I. BACKGROUND

In 2002, Applicant was convicted of manslaughter and aggravated robbery. For the manslaughter, he was sentenced to and served twenty years' imprisonment; for the aggravated robbery, he was sentenced to sixty-five years' imprisonment. The Third Court of Appeals affirmed his conviction. *Stewart v. State*, No. 03-02-00537-CR (Tex. App.—Austin del. Oct. 16, 2003) (not designated for publication).

Now, over two decades after his conviction, Applicant for the first time asserts that his trial counsel was ineffective. Relying on the convicting court's determination that trial counsel's performance was deficient, the Court grants relief.

In his writ application, Applicant alleges two grounds of ineffective assistance of counsel. First, he argues that "trial counsel failed to investigate." Second, he argues that "trial counsel failed to present favorable testimony to the jury." Specifically, Applicant's argument is that counsel failed to investigate circumstances surrounding the deceased's sexual abuse of Applicant. The convicting court concluded that trial counsel failed to investigate, and that this failure prejudiced Applicant.

## II. LACHES

Habeas corpus is an equitable remedy, *Ex parte Moreno*, 245 S.W.3d 419, 428 (Tex. Crim. App. 2008), and laches is an equitable doctrine. *Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013)

(citing *Baxter v. Estelle*, 614 F.2d 1030, 1033 (5th Cir. 1980) ("Laches is an equitable doctrine."). Laches is defined as "neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." *Perez*, 398 S.W.3d at 210 (quoting *Ex parte Carrio*, 992 S.W.2d 486, 487 n.2 (Tex. Crim. App. 1999), which in turn quotes BLACK'S LAW DICTIONARY 875 (6th ed. 1990)). And it also includes "neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done." *Id.* When exercising equitable powers—like granting relief on a writ of habeas corpus—courts exercise discretion. *Ex parte Ross*, 675 S.W.3d 310, 311 (Tex. Crim. App. 2023) (Yeary, J., dissenting) (citing *Johnson v. Cherry*, 726 S.W.2d 4, 8 n.2 (Tex. 1987)). But "equity aids the diligent and not those who slumber on their rights." *Moreno*, 245 S.W.3d at 428−29. Notably, too, "the diminished memories of trial participants" is pertinent to the doctrine of laches. *Perez*, 398 S.W.3d at 216.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To show that counsel is ineffective, an applicant must prove that (1) trial counsel's performance was deficient, and (2) but for that deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). But judicial review "must be highly deferential to trial counsel[,]" and a strong presumption exists "that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. Representation is not judged through 20/20 hindsight. *Ex parte Jimenez*, 364 S.W.3d 866,

883 (Tex. Crim. App. 2012). And, notably, the standard "has never been interpreted to mean that the accused is entitled to errorless or perfect counsel." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

To be sure, though, as the convicting court highlights, the presumption of reasonableness does not apply if counsel fails to investigate. *Id.* In *Ex parte Welborn*, the Court explained that "[i]t may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable him to make an informed rational decision." *Id.* There, the applicant explicitly put the attorney on notice of potential jury misconduct, and trial counsel seemed unfamiliar with the State's case. *Id.* at 395–96. Notably, the habeas hearing in that case took place only seven years after the trial, and counsel explicitly testified to his failure to investigate. *Id.* at 392.

## IV. APPLICATION OF LACHES

The doctrine of laches is particularly pertinent to ineffective assistance of counsel claims because trial counsel must maintain an effective memory of the trial and his actions to be able to effectively rebut a claim that he performed deficiently. Here, according to defense trial counsel's affidavit, he "barely recalls the trial itself." And to the extent he had any notes on the trial, the file was destroyed "5–7 years after" trial counsel retired in 2006—over a decade ago. While trial counsel expressed some regrets regarding his trial representation at the habeas hearing, that is precisely the kind of hindsight analysis that is prohibited in evaluating an ineffective assistance of counsel claim. Surely, many regrets might surface when one looks back on one's trial

performance as a Monday-morning quarterback, but perfect representation is not the standard.

Simply put, when trial counsel does not have sufficient memory to rebut a claim, due to an applicant's "neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done[,]" equity does not favor the applicant. Instead, particularly when deteriorated memory hinders the ability to explain trial strategy and preparation decisions, review should be deferential to trial counsel's performance. To hold otherwise ignores the severe prejudice that the passage of time raises against a defense trial counsel's ability to rebut an ineffective assistance of counsel claim.

While our decision in *Ex parte Welborn* suggested that the presumption does not apply to a failure-to-investigate claim, the doctrine of laches counsels against granting relief. For one, *Welborn* is distinguishable in that, there, the applicant informed the trial counsel of the alleged error, creating a patent duty to investigate. Here, on the other hand, trial counsel testified at habeas—from his limited memory— that Applicant did not inform him of any sexual abuse.[1] And unlike *Welborn*, where the trial counsel explicitly testified to his failure to investigate, trial counsel does not recall the specifics of his investigation. So, the reality is that, because of Applicant's delay, it is unclear exactly

---

[1] To the extent that the convicting court found this testimony not credible, that finding defies the requirement that judicial review be deferential to trial counsel and the notion that trial counsel is prejudiced by the twenty-plus year delay. Inconsistencies in trial counsel's habeas testimony are more readily explained by diminished memory, rather than ineffective or ignorant counsel—highlighting the application of laches to this case.

what trial counsel investigated, or should have investigated, and whether the representation was reasonable under the circumstances as he knew them to be at the time.[2] Accordingly, the doctrine of laches and the presumption of reasonable counsel ought to apply, barring the hindsight nitpicking of trial counsel's long, long-ago performance.

## V. CONCLUSION

It is unfortunate that we do not possess a perfect picture of what was, and was not, investigated in Applicant's trial. But when an applicant sleeps on his rights for over twenty years—significantly prejudicing trial counsel's ability to defend his honor and performance— equity does not lie in Applicant's favor. Instead, reviewing courts should be deferential, in circumstances like these, to a defense trial counsel's performance. Because it seems to me that the Court is not, I respectfully dissent.

**FILED:**                                                                March 5, 2025
**PUBLISH**

---

[2] Even assuming that trial counsel performed deficiently by failing to investigate the possibility of sexual abuse, it is not clear that "the evidence is 'sufficient to undermine confidence in the outcome' of the applicant's trial." *Ex parte Welborn*, 785 S.W.2d at 396 (quoting *Strickland*, 466 U.S. at 694). Notably, there was *some* evidence at trial that Applicant was sexually abused by the victim; indeed, the State downplayed it at closing argument. So, it is far from clear that additional extraneous evidence of the sexual abuse might have changed the result, given that the jury had some evidence indicating sexual abuse and still returned a verdict of sixty-five years. And although the State now asserts that it would not have pursued these charges had it known about the abuse, the very basis of this habeas application is that the police report, which the State would have had access to, provided evidence of sexual abuse— yet the State still brought these charges. It seems to me, then, that the State's hindsight assertion that it would have pursued a lesser charge, more than twenty years after the trial, is dubious at best.